UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JEFFREY S. NORMAN,

    Plaintiff,    NO.  CV-09-234-EFS

 vs.         ORDER DISMISSING ACTION FOR
             FAILURE TO EXHAUST
DEPARTMENT OF CORRECTIONS,
ELDON VAIL, MAGGIE MILLER
STOUT, CAPTAIN JOHN DOE #1,
SERGEANT KENNEDY, C/O
NAYLOR, SERGEANT JOHN DOE
#3, C/O CZINGLINNI, CAPTAIN
JOHN DOE #2, SERGEANT
JACKSON, C/O BALDASSARRE,
HCM1 RUSTY SMITH, and
LINDA MARTIN,

    Defendants.

   Plaintiff, a prisoner at the Airway Heights Correction Center,

brings this *pro se* civil rights complaint pursuant to 42 U.S.C. §

1983.  In light of the following disposition of this action, **IT IS**

**ORDERED** Plaintiff's application to proceed *in forma pauperis* is

**DENIED**.

   The Prison Litigation Reform Act requires that a prisoner exhaust

available administrative remedies before bringing a federal action

concerning prison conditions. 42 U.S.C. § 1997e(a) (2008); *see Porter*

*v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)

ORDER DISMISSING ACTION FOR FAILURE TO EXHAUST -- 1

1  ("Even when the prisoner seeks relief not available in grievance

2  proceedings, notably money damages, exhaustion is a prerequisite to

3  suit."). Exhaustion must be "proper." *Woodford v. Ngo*, 548 U.S. 81,

4  93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). This means that a

5  grievant must use all steps the prison holds out, enabling the prison

6  to reach the merits of the issue. Id. at 90, 126 S.Ct. 2378.

7       Exhaustion must precede the filing of the complaint and

8  compliance with the statute is not achieved by satisfying the

9  exhaustion requirement during the course of an action. *McKinney v.*

10 *Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Here, Mr. Norman admits

11 on the complaint form and in the body of his complaint that he has not

12 completely exhausted available administrative procedures. Therefore,

13 the court is obligated to dismiss the complaint for failure to exhaust

14 administrative remedies, *see Griffin v. Arpaio*, 557 F.3d 1117, 1119

15 (9th Cir. 2009) (noting 42 U.S.C. § 1997e(a) requires prisoners to

16 exhaust administrative remedies before bringing § 1983 action).

17 Accordingly, **IT IS ORDERED** this action is **DISMISSED without prejudice**.

18      Plaintiff is free to file a new and separate action once he has

19 completely exhausted available remedies within the prison. He should

20 be aware section 1983 requires a claimant to prove (1) a person acting

21 under color of state law (2) committed an act that deprived the

22 claimant of some right, privilege, or immunity protected by the

23 Constitution or laws of the United States. Leer v. Murphy, 844 F.2d

24 628, 632-33 (9th Cir. 1988). A person deprives another "of a

25 constitutional right, within the meaning of section 1983, if he does

26 an affirmative act, participates in another's affirmative acts, or

27

28 ORDER DISMISSING ACTION FOR FAILURE TO EXHAUST -- 2

omits to perform an act which he is legally required to do that "causes" the deprivation of which [the plaintiff complains]."  Redman v. County of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991)(brackets in the original), cert. denied, 502 U.S. 1074 (1992); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. Id. at 268. To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff must present a causal connection between each named defendants and the conduct of which he complains.  See Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992).  Therefore, Plaintiff's listing of spouses of identified Defendants is insufficient in the context of a § 1983 action.

Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Likewise, "arms of the State" such as the Department of Corrections are not "persons" amenable to suit under 42 U.S.C. § 1983. *Id.*, at 70.  Accordingly, claims against the Department of Corrections would be subject to dismissal.

ORDER DISMISSING ACTION FOR FAILURE TO EXHAUST -- 3

1    In addition, a supervisor is only liable for the constitutional

2 violations of his or her subordinates if the supervisor participated

3 in or directed the violations, or knew of the violations and with

4 deliberate indifference, failed to act to prevent them.  *Wilson v.*

5 *Seiter,* 501 U.S. 294, 303-304 (1991).  There is no respondeat superior

6 liability under 42 U.S.C. § 1983. *Taylor, supra* at 1045.  A

7 supervisory Defendant must be aware of constitutional violations or

8 that alleged constitutional violations were caused by a custom or

9 policy they established.

10    **IT IS SO ORDERED.**  The District Court Executive is directed to

11 enter this Order, enter judgment, forward a copy to Plaintiff and

12 close the file.  The court finds any appeal would not be taken in good

13 faith.

14    **DATED** this ____24th_____ day of September 2009.

15

16                          s/Edward F. Shea
                         EDWARD F. SHEA
17                 United States District Judge

18

19

20

21

22

23

24

25

26

27

28 ORDER DISMISSING ACTION FOR FAILURE TO EXHAUST -- 4